David Yeremian (Cal. Bar No. 226337)
david@yeremianlaw.com
DAVID YEREMIAN & ASSOCIATES,
INC.
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone:  (818) 230-8380
Facsimile: (818) 230-0308

Kevin J. Stoops (*pro hac vice* forthcoming)
kstoops@sommerspc.com
Charles R. Ash IV (*pro hac vice* forthcoming)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

*Counsel for Plaintiffs and Proposed Class
and Collective Members*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **ROBERTA MARTINEZ,** individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**THE MONEY SOURCE, INC.,** a corporation<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, Roberta Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against Defendant, The Money Source, Inc., (hereinafter referred to as "Defendant" or "TMS"), and states as follows:

## **INTRODUCTION**

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA," or 29 U.S.C. § 201 *et seq.*); California Labor Code §§ 201, 202, 203, 221, 223, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802; California Industrial Welfare Commission Wage Order No. 4; California Business & Professions Code § 17200 *et seq.*; California Labor Code § 2698 *et seq.*; and the Private Attorney General Act, California Labor §§ 2698 – 2699.5 (upon expiration of the notice period).

2.      Defendant provides banking services, and specifically mortgage services, to their customers in California and throughout the United States.  Additionally, TMS offers eligible employees, such as Plaintiff, the ability to work remotely in certain situations.

3.      Defendant employed Plaintiff as non-exempt, hourly mortgage underwriter (hereinafter referred to as "Underwriter").  Underwriters, such as Plaintiff, primarily worked from their home offices and connected to Defendant's computer systems via a remote virtual private network ("VPN").

4.      Defendant requires its hourly Underwriters to work a full-time schedule, including overtime. However, Defendant does not compensate the Underwriters for all work performed; instead, Defendant required Underwriters, such as Plaintiff, to only record 40 hours per week, regardless of how many hours they actually worked, unless permission was granted by management.

5.      Consequently, Plaintiff and Defendant's other Underwriters, were routinely under compensated and deprived of overtime pay, in violation of state and federal labor laws.

6.      Defendant's Underwriters were also deprived of meal and rest breaks as required by federal and state labor laws due to Defendant's common unlawful policies

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

and practices.

7.     The individuals Plaintiff seeks to represent in this action are current and former hourly Underwriters that worked from their home offices for Defendant, including the Underwriters that only occasionally worked from home, and that are similarly situated to each other in terms of their common experience of Defendant's violations of federal and state labor laws.

8.     Defendant knew or could have easily determined the actual number of overtime hours worked by the Underwriters, and Defendant could have properly compensated Plaintiffs and the putative Collective and Class for this work, but Defendant did not.

9.     Plaintiff seeks a declaration that her rights, and the rights of the putative collective and class members, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION

10.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

11.     Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

12.     Moreover, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). This is a class action in which the aggregate claims of the individual Class members exceed the sum value of

$5,000,000 exclusive of interest and costs, there are believed to be in excess of 100 Class members, and at least some members of the proposed class have a different citizenship from Defendant.

13.    Defendant's annual sales exceed $500,000.00 and Defendant has more than two employees, so the FLSA applies in this case on an enterprise basis.  Defendant's employees, including the Plaintiff in this case, engage in interstate commerce or in the production of goods for commerce and therefore they are also covered by the FLSA on an individual basis.

14.    The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state law claims and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

15.    The court has personal jurisdiction over Defendant because Defendant conducts business within the state of California, employs individuals within the state of California, and is registered to do business in California with the California Department of the Secretary of State.

16.    Personal jurisdiction also applies to Defendant because Defendant has purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

## **VENUE**

17.    Venue is proper in the Central District of California because Defendant employs Underwriters in this district, and a substantial portion of the events forming the basis of this suit occurred in the Central District of California.

///

## INTRADISTRICT ASSIGNMENT

18.    A substantial part of the events or omissions which give rise to the claims occurred in Los Angeles County, and therefore this action is properly assigned to the Western Division.

## PARTIES

19.    Plaintiff, Roberta Martinez, is a resident of Stevenson Ranch, California. She was employed by Defendant as an Underwriter from her home office in Stevenson Ranch, California from August 21, 2017 through July 2, 2018, and signed a consent form to join this collective action lawsuit, which is attached hereto as **Exhibit A**. While, employed by Defendant, Plaintiff Martinez was paid at a rate of $36.06 per hour.

20.    Defendant, The Money Source, Inc., is a New York corporation that is licensed and doing business in the State of California (Corporate ID# C3344300) and its registered agent for service of process in California is C T Corporation System (C0168406).

21.    According to Defendant's Employee Handbook, Defendant was founded in 1997 in New York, and was originally operated as a mortgage brokerage, but, by 2005, evolved into a mortgage lender.  Defendant has expanded its national footprint to become a nationwide lender.  In June 2016, Defendant surpassed a milestone of $1 billion in loan funding in one month.  Defendant is a Top 12 Correspondent Lender and Top 40 Wholesale Lender in the mortgage industry.

22.    According to Defendant's website it offers "a wide variety of affordable [home finance] products and a level of service that makes for a home buying experience unlike any other." *See*, https://themoneysource.com/homebuyer/ (last visited on 12/7/18). Those products include: conventional fixed rate mortgages, FHA mortgages, USDA mortgages, VA mortgages, and adjustable rate mortgages. *Id*.

///

///

## **GENERAL ALLEGATIONS**

23.    At all relevant times, Plaintiff and the proposed collective/class members were at will employees of Defendant, who were classified as non-exempt employees for purposes of state and federal labor laws.

24.    Defendant's website touts its "rigorous hiring process" and asks those who inquire about employment whether "you think you've got what it takes to be one of the few who make the grade" to become one of Defendant's employees.  *See*, https://themoneysource.com/about-us/#tmscareers (last visited on 12/7/18).

25.    As an Underwriter for Defendant, Plaintiff was responsible for, among other things: reviewing loan applications and supporting documentation for completeness and accuracy, communicating with internal and external partners to clear loan approval conditions in a timely manner, calculating income based on tax returns and/or other income document, reviewing appraisals and preliminary title work, issuing loan approvals or denials based on Defendant's qualifying criteria, and communicating decisions to all parties.

26.    Plaintiff and the proposed collective/class members were compensated on an hourly basis.  Plaintiff's most recent hourly rate was $36.06 per hour.  Plaintiff's most recent overtime rate was $54.09.

27.    Defendant maintains a common time keeping system and common written timekeeping policies for all Underwriters, such as Plaintiff and the putative class/collective.  Specifically, Defendant "utilizes a web-based time reporting system (NOVAtime) to record and track hours worked and personal time off (PTO).  Employees who hold exempt or non-exempt status, whether full or part-time, are required to use NOVAtime."  ***Exhibit B***, Defendant's Timekeeping Policies.

28.    The timesheets for each Underwriter must be completed no later than 9:00am on the first day following any day worked.  The timesheet may not be pre-recorded, or filled out in advance, for the current day. *Id*.

29.  Supervisors are responsible for "[r]eviewing non-exempt employees' timesheets daily, and correcting any erroneous or missed entries." *Id.*

30.  Supervisors are also responsible for "[r]eviewing and approving hours worked, personal time off, and overtime for non-exempt employees in accordance with company policy." *Id.*

31.  Defendant's Timekeeping Policies provide that "[a]ll hourly employees (non-exempt) must receive prior approval from their supervisor to work overtime." *Id.*

32.  Similarly, Defendant's Employee Handbook states a "team member is not permitted to work overtime unless it is previously authorized by a supervisor."

33.  Defendant classified Plaintiff and all similarly situated Underwriters as "hourly non-exempt" employees for purposes of overtime eligibility under the FLSA and all state labor laws.

34.  As such, Plaintiff and all similarly situated Underwriters were entitled to overtime pay under the FLSA for time worked in excess of forty (40) hours per week. Those Underwriters employed in California, like Plaintiff, were also entitled to overtime for time worked in excess of eight (8) hours per day.  California Underwriters were also entitled to double time for any hours worked over twelve (12) hours in a day.

35.  Throughout her employment with Defendant, Plaintiff regularly worked substantial overtime hours.

36.  However, Defendant would not allow her to record all of her hours in its timekeeping system.  Instead, aside from some instances were overtime was specifically offered, Defendant required Plaintiff to only record up to 40 hours per week, regardless of how many hours she actually worked.

37.  Plaintiff is aware that other Underwriters also received instruction from Defendant's supervisors to only record up to 40 hours per week, regardless of how many hours they worked.

38.  Plaintiff's supervisors and Defendant's upper management knew that

Defendant's Underwriters, including Plaintiff, were working off-the-clock hours without compensation.

39.    Further, it was common knowledge among Defendant's Underwriters and their supervisors that Defendant's Underwriters could not meet their rigid job requirements in a 40-hour workweek or, often times, in an 8-hour workday. As such, the Underwriters were regularly required to work after hours to get through their queue and perform unpaid off-the-clock work in order to avoid disciplinary action, including termination.

40.    If Defendant's Underwriters questioned their unpaid off-the-clock work, they were made to feel they had a bad attitude or they were not team players, and that they could easily be replaced.

41.    Plaintiff's supervisors constantly pressured Plaintiff and other Underwriters to complete all work tasks within forty (40) hours per week and eight (8) hours per day, but that was often not possible. On one hand, Plaintiff and the collective/class members were disciplined if they did not complete all of their work tasks within that time frame, but, on the other hand, Defendant threatened Plaintiff and other Underwriters if they reported unauthorized overtime hours on their time card. As a result, Plaintiff and the other Underwriters were required to underreport their hours to avoid discipline.

42.    Additionally, there are many e-mails showing that Plaintiff communicated with supervisors about work related matters well past her scheduled shift time and while she was off-the-clock. This work was unpaid.

43.    Nearly every day before the start of their scheduled shifts, Underwriters were required to spend between fifteen (15) to twenty (20) minutes reviewing emails with instructions and information regarding their job duties. Plaintiff and the other Underwriters were trained or instructed by their Supervisors not to record this time on their timesheets. Monday mornings often took longer than other days during the workweek due to the number of emails accumulated over the weekend.

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

44.    Similarly, Plaintiff and other Underwriters were trained and instructed not to include time spent before the start of their scheduled shifts on booting-up and logging-into computer applications, which the Underwriters needed to perform their job duties.

45.    Plaintiff and the other Underwriters were encouraged to record the start of their scheduled shift as their clock-in time, regardless of when they actually started working.  Similarly, they were encouraged to record the end of their scheduled shift as their clock-out time.  The purpose of this was to prevent them from submitting timecards with overtime hours.

46.    During her unpaid lunch breaks, Plaintiff (and other Underwriters) was required to attend meetings, on almost a daily basis, with her supervisor, Ms. Kathleen Craig.  These meetings were generally fifteen (15) to twenty (20) minutes in duration.  Ms. Craig referred to these daily lunch meetings as "Coffee with Kathy."  The purpose of the meeting was to discuss work related matters, such as work product quality control or Underwriter production.  Plaintiff and other Underwriters were not paid for time spent in these meetings.

47.    Plaintiff and other Underwriters were also interrupted by Supervisors or outright not permitted to take short-paid rest breaks during their shifts.

48.    Over the course of her employment with Defendant, Plaintiff worked an estimated average of fifty (50) hours per week.

49.    Nevertheless, Defendant failed to pay Plaintiff an overtime premium at one and one-half times her regular hourly rate of pay for all hours in excess of forty (40) per week or in excess of eight (8) in a single day.

50.    As a result, during the course of her employment with Defendant, Plaintiff estimates that she worked hundreds of overtime hours for which she was never compensated.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Exemplary Pay-Period to Illustrate Pre-, Mid-, and Post-Shift Compensation Deficiencies

51.    An example of specific workweeks where Defendant failed to pay Plaintiff all overtime due for hours worked in excess of 40 hours (as mandated by the FLSA) or 8 hours in a day (as mandated by the California Labor Code) includes the following:

### Pay Period of 3/01/18 to 3/15/18

- Plaintiff was paid at a rate of $36.06 per hour for her 88.00 regular hours, and $54.09 per hour for 2.00 overtime hours.
- With additional unpaid off-the-clock work (as described herein), in a range of 60 to 70 minutes per shift, at five shifts per week, Plaintiff should have been paid an additional 300 to 350 minutes at her overtime rate of $54.09 during the pay period.

*Exhibit C*, Martinez Paystubs

## Defendant Benefitted from the Uncompensated Off-the-Clock Work

52.    At all relevant times, Defendant directed and directly benefited from the work performed by Plaintiff and similarly situated employees in connection with the above described pre-shift, meal-period, rest-break, and post-shift off-the-clock work activities performed by Plaintiff and other Underwriters.

53.    At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments and employment conditions of Plaintiff and other Underwriters.

54.    At all relevant times, Defendant was able to track the amount of time Plaintiff and the other Underwriters spent in connection with the pre-shift, meal-period, rest-break, and post-shift off-the-clock work activities. However, Defendant failed to do so and failed to compensate Plaintiff and other Underwriters for the off-the-clock work they performed.

55.    At all relevant times, Plaintiffs and the Underwriters were non-exempt

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

hourly employees, subject to the requirements of the FLSA and the California Labor Code.

56.    At all relevant times, Defendant used its attendance and adherence policies against Plaintiff and the Underwriters in order to pressure them into performing the pre-shift, meal-period, rest-break, and post-shift off-the-clock work.

57.    Defendant expressly trained and instructed Plaintiff and the other Underwriters to perform the above-described pre-shift activities before recording their clock-in time. Instead, Defendant pressured Plaintiff and other Underwriters to record their shift's scheduled start time as their clock-in time to ensure they didn't work unauthorized overtime.

58.    At all relevant times, Defendant's policies and practices deprived Plaintiff and the Underwriters of wages owed for the pre-shift, meal-period, rest-break, and post-shift off-the-clock work activities they performed. Because Defendant's Underwriters typically worked forty (40) hours or more in a workweek, and eight (8) hours or more in a day, Defendant's policies and practices deprived them of overtime pay.

59.    Defendant knew or should have known that the time spent by Plaintiff and other Underwriters in connection with the pre-shift, meal-period, rest-break, and post-shift off-the-clock work activities is compensable under the law.

60.    Despite knowing Plaintiff and other Underwriters performed off-the-clock work before and after their scheduled shifts, and during their meal periods or rest breaks, Defendant failed to make any effort to stop or disallow the off-the-clock work and instead suffered and permitted it to happen.

61.    Unpaid wages related to the off-the-clock work described herein is owed to Plaintiff and the Underwriters at the FLSA mandated overtime premium of one and one-half the their regular hourly rate because Plaintiff and the Underwriters regularly worked in excess of forty (40) hours in a workweek.

///

1

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

2

62.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on

3

her own behalf and on behalf of:

4

***All similarly situated current and former hourly Underwriters who work or***

5

***have worked for Defendant at any time from January 3, 2016 through***

6

***judgment.***

7

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend

8

this definition if necessary.

9

63.    Defendant is liable under the FLSA for, *inter alia*, failing to properly

10

compensate Plaintiff and other similarly situated Underwriters.

11

64.    Excluded from the proposed FLSA Collective are Defendant's executives,

12

administrative and professional employees, including computer professionals and outside

13

sales persons.

14

65.    Consistent with Defendant's policy and pattern or practice, Plaintiff and the

15

members of the FLSA Collective were not paid premium overtime compensation when

16

they worked beyond 40 hours in a workweek.

17

66.    All of the work that Plaintiff and the members of the FLSA Collective have

18

performed has been assigned by Defendant, and/or Defendant has been aware of all of the

19

work that Plaintiff and the FLSA Collective have performed.

20

67.    As part of its regular business practices, Defendant has intentionally,

21

willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the

22

FLSA with respect to Plaintiff and the members of the FLSA Collective.  This policy and

23

pattern or practice includes, but is not limited to:

24

a.  Willfully failing to pay  employees, including Plaintiff and the

25

members of the FLSA Collective, premium overtime wages for

26

hours that they worked in excess of 40 hours per workweek;

27

b.  Willfully failing to record, or pressuring the Plaintiff and the

28

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

members of the FLSA collective not to record, all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendant.

68.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

69.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

70.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

71.     The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues – the amount of uncompensated pre-shift off-the-clock work time, unpaid meal period time, unpaid rest period time, and the amount of post-shift off-the-clock work time owed to each employee – do not vary substantially among the proposed FLSA Collective members.

72.     There are many similarly situated current and former Underwriters who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

73.     This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

///

74.    Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

75.    Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period will include several hundreds, if not thousands, of workers. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CALIFORNIA CLASS ACTION ALLEGATIONS

76.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on her own behalf and on behalf of:

> *All similarly situated current and former hourly Underwriters who work or have worked for Defendant in California at any time from January 3, 2015 through judgment.*

(hereinafter referred to as the "Rule 23 California Class"). Plaintiff reserves the right to amend the putative class definition if necessary.

77.    Plaintiff shares the same interests as the putative Rule 23 California Class and will be entitled under the California Labor Code to unpaid overtime compensation, unpaid minimum wages, unpaid regular wages, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

78.    The putative Rule 23 California Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendant employed hundreds, if not thousands, of Underwriters in California. The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendant's personnel, scheduling, time, phone, and payroll records, and from input received from the putative Class members.

79.    The putative Rule 23 California Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Class.  Individual questions that Plaintiff's claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

   a.  Whether Defendant engaged in a policy or practice of failing to pay each Class member regular wages or minimum wage for each non-overtime hour worked.

   b.  Whether Defendant engaged in a policy or practice of failing to pay each Class member overtime compensation for each overtime hour worked;

   c.  Whether Defendant failed to provide each Class member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by the California Labor Code and regulations;

   d.  Whether Defendant failed to provide each Class member with rest periods as required by the California Labor Code and regulations;

   e.  Whether Defendant violated sections 201, 202, and 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

   f.  Whether Defendant violated section 2802 of the Labor Code by failing to indemnify each Class member for all necessary business expenses incurred in the discharge of their duties;

g. Whether Defendant violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

h. Whether Defendant violated section 1174 of the Labor Code by failing to maintain accurate records of hours worked and wages paid to Class members;

i. Whether Defendant was unjustly enriched by the work and services performed by Class members without compensation;

j. Whether Defendant engaged in unfair business practices in violation of Business and Professions Code section 17200 *et seq.*; and

k. Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

80.    The putative Rule 23 California Class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative Class members were all employed by Defendant and performed their job duties without receiving wages, including overtime wages, owed for that work.

81.    The putative Rule 23 California Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative Class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative Class members.

82.    The putative Rule 23 California Class meets the predominance requirement

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

83.    The putative Rule 23 California Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

84.    Given the material similarity of the putative Rule 23 California Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions.    Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.    Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

## COUNT I
## VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME WAGES

85.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

86.    At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

87.    At all times relevant to this action, Plaintiffs and the FLSA Collective were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

88.    Plaintiff and the FLSA Collective, by virtue of their job duties and activities actually performed, are all non-exempt employees.

89.    Plaintiff and the FLSA Collective either: (1) engaged in commerce; or (2)

engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

90.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

91.    At all times relevant to this action, Defendant required Plaintiff and the FLSA Collective to perform no less than sixty (60) and as much as seventy (70) minutes of off-the-clock work per shift, but failed to pay these employees the federally mandated overtime compensation for the off-the-clock work.

92.    The off-the-clock work performed every shift by Plaintiffs and the FLSA Collective is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

93.    In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage, including the shift differential where applicable. 29 U.S.C. § 207.

94.    Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long it takes for their Underwriters to perform their off-the-clock work. Further, Defendant could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for these work activities, but did not.

95.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

///

///

///

## COUNT II

### VIOLATION OF CALIFORNIA LABOR CODE §§ 223, 510, 1194, 1197.1, 1198
### AND IWC WAGE ORDER 4 – FAILURE TO PAY OVERTIME

96.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

97.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to their employees, especially overtime compensation.

98.    At all relevant times, Plaintiff and the Rule 23 California Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

99.    California Labor Code §§ 223, 510, 1194, 1197.1 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 §§ 2(K) provide that; (a) employees must be paid no less than the applicable minimum wage for all hours worked; (b) employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and (c) employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

100.    At all relevant times, Plaintiff and the Rule 23 California Class regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

101.    At all relevant times, Defendant failed and refused to pay Plaintiff and the Rule 23 California Class members for all hours actually worked in excess of their scheduled shifts.

102.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive the Rule 23 California Class of their ability to earn a living so as to reduce their

labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiff and other Rule 23 California Class members who worked overtime hours.

103. Plaintiff and the Rule 23 California Class were entitled to receive overtime compensation at their lawful regular rate of pay, including any shift differential where applicable. Defendant's failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 223, 510, 1194, 1197.1, 1198, and IWC Wage Order No. 4.

104. Wherefore, Plaintiff demands payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay for all time worked and such premium compensation, as required under California law.

<u>COUNT III</u>
<u>VIOLATION OF CALIFORNIA LABOR CODE §§ 223, 1194, 1197, 1197.1 AND IWC WAGE ORDER 4 – FAILURE TO PAY MINIMUM WAGE AND REGULAR WAGES FOR ALL HOURS WORKED</u>

105. Plaintiff re-alleges and incorporates all previous paragraphs herein.

106. At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to their employees, including minimum wage and regular wages for all hours worked.

107. California Labor Code §§ 223, 1194, 1197, 1197.1 and Industrial Welfare Commission ("IWC") Wage Order No. 4 §§ 2(K), 4(B), provide that employees must be paid no less than the applicable minimum wage for all hours worked. *See also Armenta v. Osmose, Inc*., 135 Cal. App. 4th 314, 323 (2005) (indicating that California's Labor Code requires payment for all hours worked at the employee's regular rate of pay).

108. At all relevant times, Defendant failed and refused to pay Plaintiff and the Rule 23 California Class members minimum wage and regular wages for all hours

worked including the off-clock-work alleged in this Complaint.

109.   Defendant intentionally, maliciously, fraudulently and with the intent to deprive Plaintiff and the Rule 23 California Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying Plaintiff and other Rule 23 California Class members minimum wage and regular wages for all hours worked.

110.   Plaintiffs and the Rule 23 California Class were entitled to receive wages at their lawful regular rate of pay, including any shift differential where applicable, for all hours worked including the off-the-clock work alleged in this Complaint. Defendant's failure to pay such wages, as alleged above, was a willful violation of California Labor Code §§ 223, 1194, 1197, 1197.1 and IWC Wage Order No. 4 §§ 2(K), 4(B)

111.   Wherefore, Plaintiff demands payment of the unpaid balance of the full amount of wages due for unpaid time worked at their lawful regular rate of pay, including any shift differential where applicable, and including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2, as a result of Defendant's failure to pay for all time worked as is required under California law.

## COUNT IV
## VIOLATION OF CALIFORNIA LABOR CODE §§ 221 AND 223
## UNLAWFUL DEDUCTIONS

112.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

113.   At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to employees, especially overtime compensation, minimum wage and regular wages for all hours worked.

114.   Defendant made deductions from Plaintiff and the Rule 23 California Class members' paychecks in the amount of the overtime premiums, minimum wage and regular wages earned by the employees during the pay period so as to avoid paying

overtime compensation, minimum wage and regular wages.

115.  California Labor Code § 221 provides it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by employer to employee.

116.  California Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Labor Code § 225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

117.  As a result of the conduct alleged above, Defendant has unlawfully collected or received from Plaintiff and the Rule 23 California Class part of the wages paid to their employees.

118.  Wherefore, Plaintiff demands the return of all wages unlawfully deducted from the paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 225.5 and 1194.

## COUNT V
## VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 512 AND IWC WAGE ORDER 4 – FAILURE TO PROVIDE MEAL BREAKS

119.  Plaintiff re-alleges and incorporates all previous paragraphs herein.

120.  California Labor Code §§ 226.7, 512, and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 11(A) and (B) provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

121.  At all relevant times, Plaintiff and the Rule 23 California Class consistently worked in excess of five (5) or ten (10) hours in a day.

122.  At all relevant times, Defendant regularly required employees to perform

work during their first and/or second meal periods without proper compensation. Defendant's practice of requiring employees to perform work during their legally mandated meal periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4 §§ 11(A) and (B).

123.    Defendant purposefully elected not to provide meal periods to Plaintiff and the Rule 23 California Class members, and Defendant acted willfully, oppressively, and in conscious disregard of the rights of Plaintiff and the Rule 23 California Class members in failing to do so.

124.    Plaintiff is informed and believes Defendant did not properly maintain records pertaining to when Plaintiff and the Rule 23 California Class members began and ended each meal period, in violation of Labor Code §1174 and IWC Wage Order No. 4 §§ 11(A) and (B).

125.    As a result of Defendant's knowing, willful, and intentional failure to provide meal breaks, Plaintiff and the Rule 23 California Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal period was not provided, pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7 § 11(D), and penalties, reasonable attorneys' fees, and costs pursuant to California Labor Code §§ 218.5.

126.    Defendant's wrongful and illegal conduct in failing to provide Plaintiff and the Rule 23 California Class members with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiff and the Rule 23 California Class members in that Defendant will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiff and the Rule 23 California Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to

have been violated.

127.   Wherefore, Plaintiff demands, pursuant to Labor Code Section 226.7(b), that Defendant pays each Rule 23 California Class member one additional hour of pay at the Rule 23 California Class member's regular rate of compensation for each work day that the meal period was not provided.

**COUNT VI**
**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.2, 226.7, 512 AND IWC WAGE ORDER 4 – FAILURE TO PROVIDE REST BREAKS**

128.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

129.   California Labor Code §§ 226.7, 512, and IWC Wage Order No. 4 § 12(A) requires that "Employers shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

130.   At all relevant times, Plaintiff and the Rule 23 California Class consistently worked in excess of four (4) hours in a day.

131.   California Labor Code sections 226.2, 226.7 and 512 and IWC Wage Order No. 4 § 12(B) require employers to pay an employee one additional hour of pay at the employee's regular rate for each work day that a rest period is not provided.

132.   Plaintiffs and other aggrieved employees were regularly not allowed to take proper rest periods and were not properly compensated for missed meal and rest periods.

133.   As a result of Defendant's knowing, willful, and intentional failure to provide rest breaks, Plaintiffs and the Rule 23 California Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a rest period was not provided, pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), and penalties, reasonable attorneys' fees, and costs pursuant to California Labor Code §§ 218.5.

134.   Defendant's wrongful and illegal conduct in failing to provide Plaintiffs and

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

the Rule 23 California Class members with rest breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiff and the Rule 23 California Class members in that Defendant will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiff and the Rule 23 California Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

135.    Wherefore, Plaintiff demands, pursuant to Labor Code Section 226.7(b), that Defendant pays each Rule 23 California Class member one additional hour of pay at the Rule 23 California Class member's regular rate of compensation for each work day that a rest period was not provided as required.

## COUNT VII
## VIOLATION OF CALIFORNIA LABOR CODE § 226
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

136.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

137.    California Labor Code § 226 provides that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked. California Labor Code § 1174(d) and California Wage Order 4-2001 § 7(A) likewise require employers to maintain records of hours worked daily and wages paid to employees.

138.    At all relevant times, Defendant failed to furnish Plaintiff and the Rule 23 California Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of California Labor Code § 226.

139.  Plaintiff is informed and believes that Defendant knew or should have known that Plaintiff and the Rule 23 California Class members were entitled to receive wage statements compliant with California Labor Code § 226, and that Defendant willfully and intentionally failed to provide Plaintiff and the Rule 23 California Class members with such accurate, itemized statements.

140.  Wherefore Plaintiff demands that Defendant pay each and every Rule 23 California Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to California Labor Code § 226, as well as reasonable attorneys' fees and costs.

## COUNT VIII
## VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, AND 203
## FAILURE TO TIMELY PAY WAGES UPON DISCHARGE

141.  Plaintiff re-alleges and incorporates all previous paragraphs herein.

142.  California Labor Code §§ 201 and 202 requires employers to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employee must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

143.  Plaintiff and the Rule 23 California Class members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

144. More than thirty days have passed since Plaintiff and certain Rule 23 California Class members left Defendant's employ.

145.  As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the Rule 23 California Class members whose

employment ended during the class period are entitled to thirty days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## COUNT IX
## VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq.*

146.  Plaintiff re-alleges and incorporates all previous paragraphs herein.

147.  Defendant engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including (a) training and directing Plaintiffs and the Rule 23 California Class to work off-the-clock without minimum wage, regular wage, or overtime compensation; (b) making deductions to Plaintiff's and the Rule 23 California Class members' paychecks to recover overtime premiums, minimum wage and regular wages earned by the employee; (c) requiring Plaintiff's and the Rule 23 California Class to work overtime without lawful premium compensation; (d) failing to provide lawful meal breaks, rest breaks or premium compensation in lieu thereof;(e) failing to provide accurate, itemized wage statements and failing to maintain accurate payroll records; and (f) failing to timely pay all wages due upon discharge.

148. In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and unfair business practice within the meaning of Business & Professions Code § 17200, *et seq*.

149. As a result of Defendant's conduct, Plaintiff and the Rule 23 California Class have been harmed as described in the allegations set forth above.

150. The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *et seq.* By and through such unfair, unlawful and/or fraudulent business practices, Defendant has obtained valuable property, money and services from Plaintiff and the Rule 23 California Class, and have deprived Plaintiff and the Rule 23 California Class fundamental rights and privileges guaranteed to all employees under California law.

151. Defendant was unjustly enriched by the policies and practices described herein,

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services which routinely comply with the requirements of California law.

152. Plaintiff seeks, on her own behalf, and on behalf of the putative Rule 23 California Class members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

153. Plaintiff seeks, on her own behalf, and on behalf of other Rule 23 California Class members similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff and all Rule 23 California Class members in that the Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff and the Rule 23 California Class have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## COUNT X
## CALIFORNIA PRIVATE ATTORNY GENERAL ACT (PAGA) CLAIMS, § 2698 - 2699.5

154. Plaintiff re-alleges and incorporates all previous paragraphs herein.

155. Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are

in addition to any other relief available under the Cal. Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee, pursuant to Cal. Labor Code § 2699.

156. Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay proper compensation to Plaintiff and the California Class Members, and failure to provide Class Members with accurate wage statements constitutes violations of the Cal. Labor Code, each actionable under PAGA.

157. Plaintiff alleges, on behalf of herself and the California Class, as well as the general public, that Defendant has violated the following provisions of the Cal. Labor Code and the following provisions of Cal. Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Labor Code §§ 510, 1194, Cal. Labor Code §§ 1182.12, 1194, 1197, 1194.2 1198, Cal. Labor Code § 223, Cal. Labor Code §§ 201-203, 205, and Cal. Labor Code §§ 226 & 2802. Each of these violations entitles Plaintiff, as private attorney general, to recover the applicable statutory civil penalties on their own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

158. Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part: Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

159. Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part: For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of

these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation

160. Plaintiff is entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a) for Defendant's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law.  Further, Plaintiff is entitled to civil penalties, to be paid by Defendant's and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(f) for Defendant's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

161. On January 3, 2019, Plaintiff provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims and theories of his claims in this case.  Count X of this Complaint shall become effective upon the expiration of the sixty day waiting period should the LWDA not take action.

162. Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the Cal. Labor Code that are alleged in this Complaint, including but not limited to penalties pursuant to Labor Code §§ 210, 225.5, 226.3, 558, 1174.5, 1197.1, and 2699 (f).

163. Plaintiff, on behalf of herself and all California Class Members, also request further relief set forth herein.

## COUNT XI
## REIMBURSEMENT OF NECESSARY EXPENDITURES UNDER LABOR CODE § 2802

164. Plaintiffs re-allege and incorporate all preceding paragraphs as though set forth in full herein.

165. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

166. Employees incurred necessary expenditures in the performance of their job duties for Defendants, namely, the cost of internet access which Employees were required to use in order to execute their duties under Defendants' employ. From four (4) years prior to the original filing of this lawsuit and continuing to the present, Defendants consistently failed to reimburse Employees for these necessarily incurred business expenses.

167. As a result of the unlawful acts of Defendants, Employees have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on the behalf of the putative Collective and Rule 23 California Class, request judgment as follows:

a.   Certifying this case as a Collective in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.   Designating Plaintiff as Class Representative of the proposed FLSA Collective;

c.   Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all similarly situated Collective members, and permitting Plaintiff to send notice of this action to all those Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the potential Collective members of their rights under the FLSA;

d.   Certifying the proposed Rule 23 California Class;

e.   Designating Plaintiff as Class Representative of the proposed Rule 23 California Class;

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

f.    Ordering service awards for the Class Representative (Plaintiff) in recognition of the time, effort, and risk she incurred in bringing this action and as compensation for the value she has provided to the Class members;

g.    Appointing Sommers Schwartz, P.C. and David Yeremian and Associates, Inc., as Class Counsel;

h.    Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, California Labor Code, and UCL;

h.    Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

i.    Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate (including the shift differential where applicable) multiplied by all off-the-clock hours that Plaintiff worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

j.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

k.    Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid minimum wages and regular wages calculated at Plaintiff's regular rate (including the shift differential where applicable) multiplied by all off-the-clock hours that Plaintiff worked for the past four years;

l.    Awarding liquidated damages in an amount equal to the amount of unpaid minimum wages and regular wages found due and owing;

m.    For premium pay for missed meal and rest breaks, to be proven at trial;

n.    For reimbursement of all necessary business expenses incurred, to be proven at trial;

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND

o.  For statutory and civil penalties pursuant to Labor Code §§ 201, 202, 203, 221, 223, 226, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2698 *et seq.*, and 2802;

p.  For disgorgement and restitution to Plaintiffs and other similarly affected Class members of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code § 17200 *et seq.*;

q.  For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

r.  For an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

s.  For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

t.  For actual damages or statutory penalties according to proof as set forth in California Labor Code §§ 226, 1174, and IWC Wage Order No. 4 § 7(A) related to wage statements and record keeping;

u.  For an order requiring Defendant to show cause, if any there be, why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record-keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendant and their agents, servants and employees related thereto;

v.  For pre-judgment interest as allowed by California Labor Code §§ 218.6 and 1194, and California Civil Code § 3287 and other statutes;

w.  For reasonable attorneys' fees, expenses, and costs as provided by the

1         FLSA, 29 U.S.C. 216(b); California Labor Code §§ 218.5, 226(e) and (h),

2         1194, 2802 and 2699; and California Code of Civil Procedure § 1021.5;

3     x.    For all civil penalties, interest, costs, attorney fees, or other sums found

4         owing for Defendant's violations of the Private Attorney General Act; and

5     y.    For such other and further relief the Court may deem just and proper.

6                           **JURY DEMAND**

7       Plaintiff, Roberta Martinez, individually and on behalf of all others similarly

8  situated, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38

9  of the Federal Rules of Civil Procedure and the court rules and statutes made and

10  provided with respect to the above entitled cause.

11

12  Dated: January 3, 2019               Respectfully Submitted,

13

14                                  By:  /s/ David Yeremian

15                                 David Yeremian (Cal. Bar No. 226337)

16                                 david@yeremianlaw.com

17                                 DAVID YEREMIAN & ASSOCIATES, INC.

18                                 535 N. Brand Blvd., Suite 705

19                                 Glendale, California 91203

20                                 Telephone:  (818) 230-8380
                               Facsimile: (818) 230-0308

21                                 Kevin J. Stoops (*pro hac vice* forthcoming)

22                                 kstoops@sommerspc.com
                               Charles R. Ash, IV (*pro hac vice*

23  forthcoming)

24                                 crash@sommerspc.com
                               SOMMERS SCHWARTZ, P.C.

25                                 One Towne Square, Suite 1700
                               Southfield, Michigan 48076

26                                 Telephone: (248) 355-0300

27                                 Facsimile: (248) 436-8453

28                                 *Trial Counsel for Plaintiffs and Proposed Class and Collective Members*

COLLECTIVE AND CLASS COMPLAINT AND JURY DEMAND